## APPEAL OF G. A. MILLER.

Docket No. 4469.   Promulgated March 4, 1927.

1. The deficiency determined by the Commissioner was based upon a revenue agent's report which was shown by the evidence to be incorrect in many respects. *Held,* that the computation of income must be determined upon the basis of more reliable evidence in the record.

2. The parties had introduced in evidence by consent a prior report made by an internal revenue agent, which report did not contain the errors made in the report relied upon by the Commissioner. While the Board was unable from the evidence to determine the amount of the income, it did appear that income was more nearly reflected in the first revenue agent's report and was not in excess of the amount shown in that report. *Held,* that in such circumstances the deficiency should be recomputed on the basis of income shown in such first report.

*Fred L. Van Dolsen, Esq.,* for the petitioner.
*W. Frank Gibbs, Esq.,* for the Commissioner.

Taxpayer appeals from the determination by the Commissioner of a deficiency of $6,857.99 in income tax for 1919. He alleges that the Commissioner erred in computing the profit derived from the performance of certain contracts and in the computation of depreciation.

### FINDINGS OF FACT.

During the taxable year the taxpayer was engaged in the general contracting business in Tampa, Fla. During 1917, 1918, and 1919, he performed various contracts for one M. F. Plant. A separate account was kept for each contract and bills therefor were rendered to Plant. Such separate accounts were then transferred to a general ledger account with Plant, to which all payments were credited. One of such contracts with Plant provided for the installation of a swimming pool at the Belleview Casino, which was owned by Plant. The pool was completed in 1919. This contract was oral.

Plant died in 1918 and differences arose between taxpayer and the estate as to the amount to be paid for this and other work, which differences were finally compromised at an amount substantially less than that claimed by the taxpayer.

A so-called amended return was filed by the taxpayer for 1920 in which he reported as income the gain derived from contracts completed within the year. This method of reporting income was accepted by the Commissioner, who caused an audit to be made by a revenue agent who reported that income from the contract to build the pool had been understated by $2,368.59. A second audit was made by another agent who determined that such income was understated by $24,079.31. This audit was accepted by the Commissioner as the basis for the computation of the deficiency. In this audit the agent determined that the cost to taxpayer of constructing the pool was $79,570.88. This was adopted by the Commissioner in computing the deficiency. Such cost was $77,734.84. It was determined that taxpayer received in cash from such contract $99,672.50. Such amount was received but included payments for other work. On January 1, 1919, there was due and owing to taxpayer from Plant $28,057.24 upon contracts other than that for the pool. No part of such payments was credited by the agent or the Commissioner against the amount so due. No loss was allowed therefor. Such amount was due upon contracts which were included in the compromise between the taxpayer and Plant's estate. The revenue agent's report used by the Commissioner as the basis for computing the deficiency does not reflect the income of the taxpayer from the contract to construct the pool.

The taxpayer claimed a deduction of $6,333.33 for depreciation. The Commissioner allowed only $3,647.75. A reasonable allowance for depreciation is $5,017.58.

### OPINION.

PHILLIPS: The error in computing depreciation is admitted in the answer, being one of many made in the agent's report which was accepted as the basis for computing the deficiency.

The sole remaining issue relates to the determination of the gain derived from a contract to construct a swimming pool. The Commissioner accepted a report made by a revenue agent as the result of a second examination of the taxpayer's books. The evidence, both oral and documentary, shows this report to be so erroneous that the computations based upon it must be rejected in favor of more reliable evidence. Some of the errors made are set out above in the findings of fact.

There was introduced in evidence, with the consent of both parties, a portion of the report made by the revenue agent who first

examined the books of the taxpayer for 1919. The amounts used in the computations agree with the amounts of the payments received and with the cost proven, and consideration is given to all of the contracts with Plant. It is clear from all the evidence that the taxpayer did not sustain any gain from these contracts in 1919 in excess of that shown in this report. In fact, there may be some question if this report does not also overstate the 1919 income from the Plant contracts to some extent, but the proof is insufficient to show that such is the case. We therefore conclude that the taxpayer's income from the Plant contracts was understated by not more than $2,368.59 and not by $24,079.31 as determined by the Commissioner. The income as determined by him should be reduced by $21,710.72 on this account and by $1,369.83 on account of the insufficient allowance for depreciation, and the deficiency recomputed accordingly.

> *Decision will be entered on 20 days' notice, under Rule 50.*